UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES ALBERT JONES,

                Plaintiff,

v.                                                  Case No. 25-cv-0486-bbc

NURSE DEANDRA et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff James Albert Jones is serving a state prison sentence at Jackson Correctional Institution and representing himself in this 42 U.S.C. §1983 action. On June 11, 2025, Jones filed an amended complaint, which the Court screened pursuant to 28 U.S.C. §1915A on June 17, 2025. The Court concluded that Jones stated an Eighth Amendment claim against Nurse Deandra, CO Joel Velez, and MAT program coordinator Lizz based on allegations that they were deliberately indifferent to the risk of serious harm Jones would face from the abrupt cancellation of his suboxone prescription. Dkt. No. 17 at 3. On July 23, 2025, Milwaukee County accepted service of the amended complaint on behalf of Officer Velez but refused to accept service on behalf of MAT program coordinator Lizz and Nurse Deandra because they are not Milwaukee County employees. Dkt. No. 21. On August 7, 2025, Jones filed a proposed second amended complaint, a motion to appoint counsel, and a motion for reconsideration, which the Court will address in turn.

As to the proposed second amended complaint, the Court will strike this filing because the allegations against Nurse Deandra and MAT program coordinator Lizz are substantively identical to the allegations Jones includes in his amended complaint, and the Court has already concluded

that Jones states a claim against Nurse Deandra and MAT program coordinator Lizz based on these allegations. Jones therefore gains nothing from filing a second amended complaint. Further, the proposed second amended complaint does not include any allegations against Officer Velez. The proposed second amended complaint would replace the amended complaint, so Jones' claim against Officer Velez would be terminated if the proposed second amended complaint became the operative complaint, but based on Jones' statements in other filings, it does not appear that he wishes to dismiss his claim against Officer Velez. It therefore appears that Jones filed the proposed second amended complaint without understanding the consequences of doing so. For these reasons, the Court will strike the proposed second amended complaint. Finally, the Court advises Jones that, if he wants the Court to consider a second amended complaint, he must comply with the filing requirements of Civil L. R. 15.

The Court will also deny Jones' motion for reconsideration, in which he asks the Court to "put Nurse Deandra and Lizz (MAT program coordinator) back on [his] case." Dkt. No. 27. Contrary to Jones' misunderstanding, his claims against these Defendants have not been dismissed; Nurse Deandra and MAT program coordinator Lizz are still Defendants in this action. On July 24, 2025, Milwaukee County declined to accept service of the amended complaint on their behalf because they are not County employees. The County's refusal to accept service of the amended complaint on their behalf does not mean that the claims against them were dismissed. On July 25, 2025, the Court transmitted the amended complaint to the U.S. Marshals Service for service on Nurse Deandra and MAT program coordinator Lizz. Jones should be patient as the marshals attempt to serve these Defendants. Once they are served, they will have an opportunity to respond to Jones' amended complaint.

2

Case 1:25-cv-00486-BBC    Filed 08/20/25    Page 2 of 4    Document 30

Finally, the Court will deny Jones' motion to appoint counsel. According to Jones, he has limited education and no legal education. He also asserts that he suffers from mental health challenges such as bipolar disorder and schizophrenia disorder. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

It does not appear that Jones has satisfied the first prong of the standard, as he makes no mention of any efforts to locate a lawyer without the Court's help. The Court will therefore deny his motion to appoint counsel on this basis. Jones is reminded that he must first ask at least three lawyers if they would be willing to represent him before he asks the Court to recruit a lawyer to represent him. Notably, even if Jones had satisfied the first prong, the Court would deny his motion to appoint counsel because he appears capable of representing himself at this stage of the case.

When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that

3

may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019). Jones' filings have been clear, organized, and easy to understand, giving the Court confidence that he can effectively communicate with the Court and opposing counsel during the early stages of this case, including discovery. He highlights his lack of education and mental health struggles, but these are challenges that many, if not all, prisoners face and do not, in and of themselves, suggest that a person is incapable of representing himself. Jones' filings show that he has a clear understanding of what happened and why he believes his rights were violated. They also show that his reading and writing skills are adequate for him to prepare and respond to discovery requests. Accordingly, the Court will deny his motion to appoint counsel at this time. Jones is encouraged to closely review the litigation guide that the Court sent along with the screening order. This guide contains information that Jones may find helpful as he litigates his case.

If **new** challenges arise that Jones believes he cannot handle on his own, he may renew his motion to appoint counsel. If he does so, he must be specific about the challenges he faces and the efforts he has made to overcome them.

**IT IS THEREFORE ORDERED** that Jones' motion to appoint counsel (Dkt. No. 26) is **DENIED** without prejudice and his motion for reconsideration/motion to file an amended complaint (Dkt. No. 27) is **DENIED**. Finally, to avoid confusion, the clerk's office is directed to **STRIKE** the proposed second amended complaint (Dkt. No. 25).

Dated at Green Bay, Wisconsin on August 20, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge