UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES ALBERT JONES,

        Plaintiff,

    v.                                Case No. 25-cv-0486-bbc

DEANDRA ARENSON et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff James Albert Jones, an inmate at the Jackson Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding, in part, on claims that Defendant Nurse Deandra Arenson lied and wrongly assumed that he had misused his suboxone medication, ultimately leading to Defendant Nurse Elizabeth Schwartz cancelling his suboxone prescription. On December 31, 2025, Arenson and Schwartz moved for summary judgment on the ground that Jones failed to exhaust the administrative remedies before he brought this lawsuit. Dkt. No. 41. For the reasons explained below, the Court will grant the motion and dismiss Jones' claims against Arenson and Schwartz.

## BACKGROUND

During the relevant time, Jones was housed at the Milwaukee County Community Reintegration Center (the Center). The "Grievance Procedure" is the Center's administrative process for addressing grievances and is set forth in the Center's handbook. Inmates receive a paper copy of the handbook when they are booked into the Center. The handbook is also posted on the walls of the dormitories and is available on the inmates' tablets. The procedure consists of the following six steps:

1. Complete a grievance form on the Aramark kiosk.

2. If you need help completing the form, ask the officer or request the assistance of an advocate. The completed grievance will be electronically submitted.

3. Should the kiosk not be in service, you must ask your dorm officer for a paper form. Paper forms shall be completed fully and placed in the designated lock box.

4. The assigned supervisor will review your grievance and send you a written response within ten (10) working days of receiving the grievance.

5. A maximum of two (2) grievances shall be accepted each week by the department, per resident, pertaining to the same issue.

6. You must appeal the grievance decision within three (3) days of receiving it. The appeal is sent to the Shift Captain.

Dkt. No. 43 at ¶1-4, 14; Dkt. No. 49 at 2-4; Dkt. No. 44-1 at 2.

Jones filed numerous grievances while at the Center, but he never appealed the decisions on those grievances. Jones asserts that he did not know that, if he was dissatisfied with a decision, he was required to appeal the decision within three days. Dkt. No. 43 at ¶¶18-19; Dkt. No. 49 at 4.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932,

937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Jones concedes that he did not appeal any of the decisions on his grievances, as required by the grievance procedure. Jones' only explanation for not doing so is that he did not know about the requirement. The Seventh Circuit has been clear that "[t]he PLRA does not excuse failure to exhaust based on a prisoner's ignorance of the administrative remedies, so long as the prison has taken reasonable steps to inform the inmates about the required procedures." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). Here, the grievance procedure was clearly set forth in the handbook, which was given to Jones when he was booked into the Center, was posted on the walls of his dormitory, and was made available to him on his tablet. Jones therefore bears the consequences of his failure to familiarize himself with procedure. Because Jones did not exhaust the available administrative remedies, Defendants are entitled to summary judgment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Arenson and Schwartz's motion for summary judgment on exhaustion grounds (Dkt. No. 41) is **GRANTED** and the claims against them are **DISMISSED without prejudice**. The Clerk of Court is directed to terminate them from this action.

Dated at Green Bay, Wisconsin this 12th day of February, 2026.

s/ *Byron B. Conway*
Byron B. Conway
United States District Judge